IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAIRYLAND INSURANCE COMPANY,

        Plaintiffs,

vs.                                    NO. CIV 93-0238 MV/LFG

RONALD HERMAN, personal representative
of the Estate of GLENNA SUSIE HERMAN,
and as father, guardian and next friend of
ANDREW D. HERMAN, a minor child, and
PETER H. JOHNSTONE, administrator of
the Estate of IVAN S. FRAGUA,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Objection to Magistrate's Order and Opinion Granting Dairyland's Request for Extension of Time **[Doc. No. 72]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the objections are not well-taken and will be **DENIED**.

### BACKGROUND

On August 3, 1989, Ivan Fragua, with a blood alcohol level of 0.21, drove a car owned by his passenger Paula Suazo into the opposite lane of traffic, colliding head on with a car driven by Susie Herman ("Susie"), in which her nine year old son Andrew Herman ("Andrew") was a passenger. Fragua, Suazo and Susie were all killed in the accident; Andrew sustained serious injuries. Fragua was clearly at fault and Suazo's car insurance company, Dairyland Insurance Company, was liable for the damages incurred by Andrew and the estates of Susie and Fragua.

The Dairyland insurance policy on Suazo's vehicle carried liability limits of $25,000 per person and $50,000 per incident. Dairyland eventually settled with Suazo's Estate for $16,667, one-third of the $50,000 limit.

Ronald Herman ("Herman"), husband of Susie and father of Andrew, on behalf of himself, as personal representative of his wife's estate and as guardian of his son, sought compensation from Dairyland as Fragua's insurer. Both parties eventually agreed that Herman would accept a settlement of $33,333.33, the amount remaining under Suazo's policy limit. However, Dairyland conditioned this settlement offer on Herman releasing all claims against Fragua, including subrogated interests. As a result of his injuries, Andrew had incurred $33,580.22 in medical expenses, paid by Health-Plus of New Mexico, Inc., his father's health insurer. Health-Plus thereby obtained a subrogated interest against Fragua's estate and Dairyland in this amount. Herman refused to release the subrogated interest of Health-Plus against the estate and Dairyland. The parties thus failed to reach a settlement agreement.

Herman, in his individual capacity, as administrator of Susie's estate and as guardian of Andrew, filed a claim in New Mexico district court against Fragua's estate. On December 4, 1991, Herman was awarded a judgement of $2,725,000 on Susie's estate's claims and $275,000 on Andrew's and Herman's claims jointly. Judgment was entered on January 21, 1992, and bears interest at an annual rate of fifteen percent. Following entry of judgement, Dairyland paid the remaining policy limits of $33,333.33 as partial satisfaction of the judgement. As of May 8, 1998, the balance of the judgement, including interest was $5,769,557.08.

A year after entry of judgement, Dairyland filed suit against Herman in federal district court seeking a declaratory judgement that it was not responsible for the remaining judgement

against Fragua's estate in excess of the policy limits. During these proceedings, the administrator of Fragua's estate assigned to Herman all of Fragua's first-party claims against Dairyland. Herman then asserted as a counterclaim against Dairyland Fragua's first-party claim of bad faith failure to settle and demanded that Dairyland pay the full amount of judgement, including the amount in excess of the policy limits. Each party moved for summary judgement.

On July 1, 1993, the district court denied Herman's and granted Dairyland's motion for summary judgement on the declaratory-judgement action and granted summary judgement in favor of Dairyland on Herman's bad-faith claim.

Herman appealed this decision to the Tenth Circuit Court of Appeals. That court certified to the New Mexico Supreme Court the question of whether, as a matter of law, an insurer satisfies its duty of good faith when it refuses to settle a claim absent a complete release of all subrogated interests. In an opinion issued December 18, 1997, the New Mexico Supreme Court held that, under the circumstances, Dairyland had not as a matter of law satisfied its duty to its insured, and that factual issues existed which precluded summary judgement. *Dairyland Insurance Co. v. Herman*, 954 P.2d 56, 64 (NM Supreme Court, 1997). On January 19, 1998, pursuant to the New Mexico Supreme Court opinion, the Tenth Circuit reversed the district court's rulings and remanded the case for trial on the issue of whether Dairyland acted in good faith on conditioning settlement of the underlying tort case on a release of all claims, including subrogation interests. *Dairyland v. Herman*, 134 F.3d 382, No. 95-2160, slip op. 4 (10th Cir. 1998, unpublished opinion).

On May 8, 1998, Herman filed a motion with supporting memorandum for partial summary judgement. In this motion, Herman asserts that Dairyland breached its obligation of

good-faith dealing with its insured in that it did not: (1) Give its insured's interest equal consideration with its own; (2) place itself in the shoes of its insured and conduct itself as though it alone were liable for the entire judgement; and (3) act to minimize the liability of its insured.

On May 27, 1998, Dairyland filed a Motion for Extension of Time Under Rule 56(f), with a supporting affidavit from Douglas Foster. Dairyland requested that the deadline for its response to Herman's motion for partial summary judgement be extended in order for Dairyland to conduct additional discovery needed to prepare its response. Dairyland sought additional time to obtain documentary materials and to depose Herman and two of his attorneys regarding the "reasonable expectation" and the "reasonableness of the [defendant's] demands." In particular, Dairyland stated that it sought discovery "relevant to the defendant's knowledge and understanding of his likely recovery in the underlying suit for personal injuries and wrongful death, the effect of his health carrier's subrogation claim on that recovery, the effect of providing a complete release of all claims on the recovery, and the custom and practice regarding settlement of personal injury claims, including subrogation claims."

Dairyland's motion was heard by Magistrate Judge Lorenzo F. Garcia on May 29, 1998, via a telephonic hearing. Herman did not have time to file a written response but opposed the motion orally. After hearing argument from both counsel, Magistrate Judge Garcia granted Dairyland's motion and, on June 5, 1998, issued an Opinion and Order extending the deadline for Dairyland's response to Herman's motion for partial summary judgement until August 27, 1998. Herman subsequently filed this timely objection to Magistrate Judge Garcia's Opinion and Order.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(a) addresses a magistrate judge's ruling on a nondispositive matter.  Rule 72(a) provides, in part, that:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed.R.Civ.P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ANALYSIS

Federal Rule of Civil Procedure 56(f) provides that:

> Should it appear from the affidavits of a party opposing [a summary judgement motion] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgement or may order a continuance to permit affidavits to be obtained or depositions taken or discovery to be had or may make such other order as is just.

Pursuant to Rule 56(f), a party opposing a motion for summary judgment may request additional time to complete discovery on specified facts essential to its opposition. *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1521-22 (10th Cir.1992). The rule is not "invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir.1986). Rather, a party invoking Rule 56(f) must provide an affidavit "identifying the probable facts that are not available," listing the steps "taken to obtain these

5

facts," and explaining "how additional time will enable him to rebut [the] movant's allegations of no genuine issue of fact.'" *Committee for the First Amendment*, 962 F.2d at 1522 (quotation omitted); *Jensen v. Redev. Agency*, 998 F.2d 1550, 1554 (10th Cir.1993); *International Surplus Lines Ins. Co. v. Wyoming Coal Refining Sys., Inc.*, 52 F.3d 901, 905 (10th Cir.1995). "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." *Committee for the First Amendment*, 962 F.2d at 1522.

Of course, "factual disputes that are irrelevant or unnecessary will not be counted." *United States v. Simons*, 129 F.3d 1386, 1338 (10th Cir. 1997) [quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).] "The substantive law of the case determines which facts are material." *Id.*

"When a party files an affidavit under Rule 56(f) for additional discovery time, the party invokes the trial court's discretion." *Jensen*, 998 F.2d at 1553-54. "Unless dilatory or lacking in merit, the motion should be liberally treated." *Id.* at 1554 (citation omitted); *see also* 10A Charles A. Wright et al., Federal Practice and Procedure: Civil 2d S 2740, at 532 (2d ed.1983) [Rule 56(f) "should be applied with a spirit of liberality."].

In the case at bar, Defendant Herman asserts that the Magistrate Judge's Opinion and Order is clearly erroneous and contrary to law for two primary reasons: (1) Dairyland failed to present sufficient grounds for granting the extension of time; and (2) the Magistrate Judge's order exceeded his authority under 28 U.S.C. § 636(b)(1)(A). In a footnote in his moving papers and in the body of his reply to Dairyland's response, Herman raises as an additional reason for vacating

the Magistrate Judge's order that he was not given sufficient time to file a written response to Dairyland's motion. Each of these arguments will be addressed in turn.

1. Dairyland Failed to Present Sufficient Grounds for Granting the Extension of Time

Herman asserts that Dairyland failed to present sufficient grounds for granting the extension of time because, according to Herman, the issues which Dairyland seeks to investigate are not relevant to Herman's partial summary judgement motion. As noted, Dairyland seeks discovery as to the "reasonable expectation" and the "reasonableness of [Herman's] demands" during the settlement negotiations which preceded this series of law suits. Herman contends that the "reasonableness" of his demands and expectations is not relevant to whether Dairyland satisfied its duty of good faith to its insured, the issue upon which Herman seeks summary judgement.[1]

To the contrary, the opinion issued in this case by New Mexico Supreme Court specifically provides that a jury could conclude that Dairyland did satisfy its duty of good faith in refusing to settle if, according to the facts presented, it appeared that Herman's settlement demands were unreasonable. *Dairyland Insurance Co. v. Herman*, 954 P.2d 56, 64 (NM Supreme

---

[1] Herman characterizes his partial summary judgement motion as limited to whether "Dairyland acted in bad faith by not: (1) Giving its insured's interest equal consideration with its own; (2) placing itself in the shoes of its insured and conduct itself as though it alone were liable for the entire judgement; and (3) acting to minimize the liability of its insured." Defendant Herman's Reply to Dairyland's Response to Herman's Objection to Magistrate Judge's Order Granting Dairyland's Request for Extension of Time, p. 2. All three of the "points" articulated here as separate issues are in fact parallel explanations of the insurer's duty of good faith to the insured in settlement negotiations, as defined by New Mexico law. *See Dairyland Insurance Co. v. Herman*, 954 P.2d 56, 61 (NM Supreme Court, 1997). Thus, the issue presented here is simply whether the "reasonableness" of Herman's demand's is relevant to whether Dairyland satisfied its duty of good faith.

Court, 1997). Rejecting the arguments of both Dairyland and Herman that each had, as a matter of law, acted reasonably in the settlement negotiations, the New Mexico Supreme Court stated, "a claimant's reasonable expectation is one factor a jury should consider in determining whether an insurer acted in bad faith in rejecting a settlement offer." *Id.* The New Mexico Supreme Court Opinion therefore makes the factual context surrounding Herman's settlement demands relevant to the issue of whether Dairyland satisfied its duty to its insured, the issue on which Herman now seeks partial summary judgement.

As stated in the affidavit of Dairyland's attorney submitted in support of its Rule 56(f) motion, prior to the issuing of the New Mexico Supreme Court opinion in this matter Dairyland had no reason to conduct discovery on the reasonableness of Herman's demands. Affidavit of J. Douglas Foster in Support of Rule 56(f) Motion, pp. 1-2. Thus, Dairyland has not been dilatory in pursuing discovery on this issue. Further, the affidavit stated the particular steps Dairyland intends to undertake to disclose these facts if given additional time. *Id.* Thus, Dairyland's affidavit articulated with sufficient particularity to support its motion under Rule 56(f) a relevant factual dispute, the reasons it had not previously conducted discovery on the matter and the reason additional time is needed to investigate the issue. *Committee for the First Amendment*, 962 F.2d at 1522. Under these circumstances, the Magistrate Judge's Opinion and Order was not "clearly erroneous." *See United States Gypsum Co.*, 333 U.S. at 395.

2.  The Magistrate Judge's Order Exceeded His Authority Under 28 U.S.C. § 636(b)(1)(A)

As Herman all but concedes in his reply to Dairyland's response, 28 U.S.C. §636(b)(1(A) does nothing more than preclude a Magistrate Judge from ruling on specifically listed motions known as "dispositive orders," including summary judgement motions. See 28 U.S.C. § 636(b)(1(A)(1998). Pursuant to 28 U.S.C. § 636(b)(1(A), a Magistrate Judge may rule on any other "pretrial matter." An extension of time, pursuant to Rule 56(f), is not a dispositive order and falls squarely within the Magistrate Judge's authority.

3. Herman Did Not Have Sufficient Time to Respond to Dairyland's Motion

Finally, while it may be lamentable that Herman did not have time to prepare a written response to Dairyland's Rule 56(f) motion, the plain language of Rule 56(f) does not carry any time restraints for filing written papers prior to a hearing on the motion nor does it require a response from the opposing party prior to the Magistrate Judge's ruling. In this case, Herman was able to oppose the motion orally in the telephonic hearing held two days after Dairyland filed its written motion. The lack of time for Herman to prepare a written response does not, alone, make the Magistrate Judge's Order "clearly erroneous" under law. *See United States Gypsum Co.*, 333 U.S. at 395.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Objection to Magistrate's Order and Opinion Granting Dairyland's Request for Extension of Time [Doc. No. 72] is **DENIED**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    J. Douglas Foster
    Paul W. Engstrom

Attorneys for Defendants:

    Stephen F. Lawless
    William C. Madison